UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAYLYN ROMERO AND LEXUS RODRIGUEZ,<br><br>          PLAINTIFFS,<br><br>  v.<br><br>FLIGHT SERVICES & SYSTEMS, INC. AND FRONTIER AIRLINES,<br><br>          DEFENDANTS. | Civil Action Docket No. <u>2:23-CV-00416-NT</u> |

## DEFENDANT FRONTIER AIRLINES' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Frontier Airlines ("Frontier") answers the allegations set forth in Plaintiffs Jaylyn Romero's and Lexus Rodriguez's ("Plaintiffs") First Amended Complaint (the "Complaint"), as set forth below:[1]

## INTRODUCTION

1.      Frontier denies the allegations in Paragraph 1.

2.      Frontier is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 2. To the extent that a response is required, Frontier denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.      The allegations in Paragraph 3 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier admits that in this action Plaintiffs assert claims under Title VII of the Civil Rights Act of 1964, the Maine Human Rights Act, and the

---

[1] Frontier answers each paragraph of the Complaint without waiving, but expressly reserving, all rights that Frontier may have to seek relief by appropriate motions directed to the allegations of the Complaint.

Maine Whistleblower's Protection Act. Frontier denies, however, that there is any validity to Plaintiffs' claims or that Plaintiffs are entitled to any of the relief that they seek in this action.

4.      The allegations in Paragraph 4 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier admits that in this action Plaintiffs assert a common law claim of tortious interference. Frontier denies, however, that there is any validity to Plaintiffs' claims or that Plaintiffs are entitled to any of the relief that they seek in this action.

5.      The allegations in Paragraph 5 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier does not dispute this Court's jurisdiction based on the allegations in the Complaint, but reserves the right to do so at the appropriate time. Frontier denies, however, that there is any validity to Plaintiffs' claims or that Plaintiffs are entitled to any of the relief that they seek in this action.

8.      Frontier admits the allegations in Paragraph 8.  Frontier denies, however, that there is any validity to Plaintiffs' MHRC claims or that Plaintiffs are entitled to any of the relief that they seek in this action.

9.      Frontier admits the allegations in Paragraph 9.

10.     Frontier admits the allegations in Paragraph 10.

11.     Frontier admits the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 12.

## JURY TRIAL REQUESTED

13.     The allegations in Paragraph 13 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier admits that Plaintiffs have requested a trial by jury for all claims in this action for which a jury is permitted.

## PARTIES

14.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.     Frontier admits the allegations in Paragraph 17.

## FACTUAL ALLEGATIONS

18.     Frontier admits that at the time period relevant to this action, Defendant Flight Services & Systems, Inc. ("FSS") maintained operations at the Portland, Maine Jetport. Frontier is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies them.

19.     Frontier admits that at the time period relevant to this action, FSS contracted with Frontier to provide ground and passenger service assistance at the Portland, Maine Jetport. Frontier is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies them.

20.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.     Frontier admits that Plaintiff Lexus Rodriguez ("Mr. Rodriguez") attended Frontier's Station Loadmaster training course in approximately October 2021.  Frontier denies the remaining allegations in Paragraph 22.

23.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 because they concern information that Mr. Rodriguez alleges that he learned in a training session.

24.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 because they concern information that Mr. Rodriguez alleges that he learned in a training session.

25.     The allegations in Paragraph 25 are vague and ambiguous in their use of the term "present," which Mr. Rodriguez has incorrectly asserted requires physical presence at all times. Frontier admits that Mr. Rodriguez's training included instruction that a loadmaster is required to oversee the loading of an aircraft. Frontier denies the remaining allegations in Paragraph 25.

26.     Frontier is without sufficient knowledge or information to form a belief as to whether Mr. Rodriguez "has reasonable cause" to believe regulations governing the loading of aircraft exist, and therefore denies the allegations in Paragraph 26.

27.     Frontier admits that at the time period relevant to this action, it maintained an FAA-approved Aircraft-Based Weight and Balance Policy, which states that a station loadmaster "receives a load plan from Central Load Planning, oversees aircraft loading, provides preliminary and final loading information to the flight crew, and enters load information for use by down-line stations." Frontier denies the remaining allegations in Paragraph 27.

4

28.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29.     Frontier admits the allegations in Paragraph 29.

30.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

36.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37.     Frontier cannot respond to the allegation that "[a] load plan shows many things" because that allegation is vague, ambiguous, and undefined. To the extent that a response is required to that allegation, Frontier denies it. Frontier admits that for each flight, there is an upload plan generated for the loading of bags onto the aircraft.  Frontier denies the remaining allegations in Paragraph 37.

38.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 regarding "this practice" – which is undefined and outside of Frontier's knowledge – and therefore denies these allegations.

40.     Frontier admits that, as the Station Loadmaster, Mr. Rodriguez was responsible for overseeing the loading operation and ensuring that weights and balances were properly calculated and provided to the flight crew. Frontier's policy did not, however, require Mr. Rodriguez to be physically present during the loading of all bags.  Frontier denies the remaining allegations in Paragraph 40.

41.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

43.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

44.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45.     The allegations in Paragraph 45 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 46.

47.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

49.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50.     The allegations in Paragraph 50 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 52.

53.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies them.

54.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies them.

56.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

57.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies them.

58.     Frontier admits that Plaintiff had Mr. Bowen on the phone at some point during his encounters with his managers at FSS on or about February 19, 2022. Frontier is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 58, and therefore denies them.

59.     Frontier denies the allegations in Paragraph 59.

60.     Frontier denies the allegations in Paragraph 60.

61.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

62.     Frontier admits that FSS connected Mr. Rodriguez to Regional Manager Airport Services Debra Profeta by phone.  Frontier is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 62, and therefore denies them.

63.     Frontier denies the allegations in Paragraph 63.

64.     Frontier admits that Ms. Profeta was informed of an incident in which Mr. Rodriguez insisted that he, as a Loadmaster, needed to be physically present to observe the loading of baggage onto the aircraft. Frontier denies the remaining allegations in Paragraph 64.

65.     Frontier denies the allegations in Paragraph 65.

66.     Frontier denies the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 69.

8

70.     Frontier admits that Ms. Profeta was informed of an incident in which Mr. Rodriguez was insistent that he, as a Loadmaster, needed to be physically present to observe the loading of baggage onto the aircraft. Frontier denies the remaining allegations in Paragraph 70.

71.     Frontier admits that Ms. Profeta explained to Mr. Rodriguez that Frontier's policy does not require the Loadmaster to be physically present when every bag is loaded, only that the Loadmaster oversee the loading operation and ensure that weights and balances are appropriately calculated and provided to the flight crew.  Frontier denies the remaining allegations in Paragraph 71.

72.     Frontier admits that Ms. Profeta explained to Mr. Rodriguez that Frontier's policy does not require the Loadmaster to be physically present when every bag is loaded, only that the Loadmaster oversee the loading operation and ensure that weights and balances are appropriately calculated and provided to the flight crew.  Frontier denies the remaining allegations in Paragraph 72.

73.     Frontier denies the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 75.

76.     Frontier admits that Ms. Profeta explained to Mr. Rodriguez that Frontier's policy does not require the Loadmaster to be physically present when every bag is loaded, only that the Loadmaster oversee the loading operation and ensure that weights and balances are appropriately calculated and provided to the flight crew.  Frontier denies the remaining allegations in Paragraph 76.

77.     Frontier admits that during the phone call, Mr. Rodriguez became loud, belligerent, and abusive towards Ms. Profeta.  Frontier is without sufficient knowledge or information to form a belief as to Arev Witham's recollection of the phone call.

78.     Frontier denies the allegations in Paragraph 78.

79.     Frontier admits that at some point, Mr. Rodriguez and Mr. Bowen had a discussion by phone regarding the events on February 19, 2023.

80.     Frontier admits the allegations in Paragraph 80.

81.     Frontier admits the allegations in Paragraph 81.

82.     Frontier denies the allegations in Paragraph 82.

83.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies them.

84.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

85.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies them.

86.     Frontier admits the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 87.

88.     The allegations in Paragraph 88 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 89.

90.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies them.

91.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies them.

92.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92, and therefore denies them.

93.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93, and therefore denies them.

94.     The allegations in Paragraph 94 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 96.

97.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies them.

98.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98, and therefore denies them.

99.     Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies them.

100.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies them.

101.    The allegations in Paragraph 101 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 101.

102.    Frontier denies the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 103.

104.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies them.

106.    The allegations in Paragraph 106 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 109.

110.    Frontier admits that on July 25, 2022 it submitted a position statement in response to Plaintiffs' complaint filed with the Maine Human Rights Commission, which speaks for itself. Frontier denies the remaining allegations in Paragraph 110.

111.    Frontier admits that Ms. Profeta, after learning from FSS that FSS had decided to terminate Mr. Rodriguez's employment, did not disagree with FSS's decision; however, the

authority and decision to terminate Mr. Rodriguez's employment with FSS rested exclusively with FSS. Frontier denies the remaining allegations in Paragraph 111.

112.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies them.

113.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies them.

114.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies them.

115.    The allegations in Paragraph 115 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 115.

116.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116, and therefore denies them.

117.    Frontier admits that during the phone call between Mr. Rodriguez and Ms. Profeta, Mr. Rodriguez became loud, belligerent, and abusive towards Ms. Profeta. Frontier is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 117, and therefore denies them.

118.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118, and therefore denies them.

119.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

120.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

121.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.

122.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies them.

123.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies them.

124.    Frontier admits that Mr. Rodriguez was employed by FSS at the time period relevant to this action.  Frontier is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 124, and therefore denies them.

125.    The allegations in Paragraph 125 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 125.

126.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

127.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies them.

128.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

129.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies them.

130.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130, and therefore denies them.

131.    The allegations in Paragraph 131 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 131.

132.    Frontier admits that Ms. Witham testified that Mr. Armstrong instructed her to terminate Romero's employment. Frontier is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 132, and therefore denies them.

133.    Upon information and belief, Frontier admits the allegations in Paragraph 133.

134.    Frontier admits that on or about May 25, 2023, FSS Senior Director of Safety Phil Armstrong submitted a statement in connection with Plaintiffs' complaint to the Maine Human Rights Commission, which speaks for itself.   Frontier denies the remaining allegations in Paragraph 134.

135.    Frontier admits that on or about May 25, 2023, FSS Senior Director of Safety Phil Armstrong submitted a statement in connection with Plaintiffs' complaint to the Maine Human Rights Commission, which speaks for itself.   Frontier denies the remaining allegations in Paragraph 135.

136.    Frontier admits that on or about May 25, 2023, FSS Senior Director of Safety Phil Armstrong submitted a statement in connection with Plaintiffs' complaint to the Maine Human Rights Commission, which speaks for itself.   Frontier denies the remaining allegations in Paragraph 136.

137.    The allegations in Paragraph 137 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137, and therefore denies them.

138.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138, and therefore denies them.

139.     The allegations in Paragraph 139 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139, and therefore denies them.

140.     The allegations in Paragraph 140 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140, and therefore denies them.

141.     The allegations in Paragraph 141 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141, and therefore denies them.

### **COUNT I – MHRA-MWPA Retaliation**

### **(Rodriguez and Romero v. Flight System & Services, LLC and Frontier Airlines)**

142.     Frontier incorporates by reference its above responses to Plaintiffs' allegations in Paragraphs 1 through 141.

143.     The allegations in Paragraph 143 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier states that the text of 26 M.R.S. § 833(1)(A) speaks for itself.

144.     The allegations in Paragraph 144 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier states that the text of 26 M.R.S. § 833(1)(B) speaks for itself.

145.    The allegations in Paragraph 145 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier states that the text of the Maine Human Rights Act ("MHRA") speaks for itself.

146.    The allegations in Paragraph 146 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier states that the text of the MHRA speaks for itself.

147.    Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147, and therefore denies them.

148.    The allegations in Paragraph 148 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 150.

151.    The allegations in Paragraph 151 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 153.

154.    The allegations in Paragraph 154 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 154.

## COUNT II – Title VII – Sex Discrimination

### (Romero v. Flight Services & Systems, Inc.)

155.    Frontier incorporates by reference its above responses to Plaintiffs' allegations in Paragraphs 1 through 154.

156.    The allegations in Paragraph 156 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier states that 42 U.S.C. § 2000e-2 speaks for itself.

157.    The allegations in Paragraph 157 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 157.

## COUNT III – MHRA – Sex Discrimination

### (Romero v. Flight Services & Systems, Inc.)

158.    Frontier incorporates by reference its above responses to Plaintiffs' allegations in Paragraphs 1 through 157.

159.    The allegations in Paragraph 159 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier states that 5 M.R.S. § 4572(1) speaks for itself.

160.    The allegations in Paragraph 160 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 160.

## COUNT IV: TORTIOUS INTERFERENCE

### (Rodriguez v. Frontier Airlines)

161.    Frontier incorporates by reference its above responses to Plaintiffs' allegations in Paragraphs 1 through 160.

162.    The allegations in Paragraph 162 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162, and therefore denies them.

163.    The allegations in Paragraph 163 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 163.

164.    The allegations in Paragraph 164 constitute legal conclusions for which no response is required. To the extent a response is required, Frontier denies the allegations in Paragraph 164.

## PRAYER FOR RELIEF

Frontier denies that Plaintiff is entitled to any relief whatsoever, including any of the relief requested in Plaintiff's specific prayers for relief.

## GENERAL DENIAL

Frontier denies all allegations not expressly admitted herein.

## DEFENSES

1.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.    Frontier was not Plaintiffs' "employer" as defined by the Maine Human Rights Act, the Maine Whistleblower's Protection Act, Title VII of the Civil Rights Act of 1964, or any other federal or state law.

3.    Any adverse employment action taken against Plaintiffs was not proximately caused by Frontier.

4.    Plaintiffs cannot assert or prove a *prima facie* case of discrimination or retaliation under the Maine Human Rights Act, the Maine Whistleblower's Protection Act, Title VII of the Civil Rights Act of 1964, or any other federal or state law.

5.    Plaintiffs did not engage in protected activity under the Maine Human Rights Act, the Maine Whistleblower's Protection Act, or any other federal or state law.

6.    Frontier is unaware of any protected activity that Plaintiffs are alleged to have engaged in under the Maine Human Rights Act, the Maine Whistleblower's Protection Act, or any other federal or state law.

7.    Even if Plaintiffs engaged in protected activity, a causal connection does not exist between said protected activity and any potential adverse employment action taken against Plaintiffs by Frontier.

8.    Any and all actions taken by Frontier concerning Mr. Rodriguez were undertaken to serve legitimate, non-discriminatory, and non-retaliatory, business purposes.

9.    Plaintiffs were employees at will of FSS and could be terminated for any legally permissible reason or no reason at all.

10.    Plaintiffs' claims against Frontier are barred, in whole or in part, because they are incapable of establishing that Frontier aided, abetted, incited, compelled, or coerced FSS to terminate Plaintiffs' employment with FSS in violation of 5 M.R.S. § 4553(10).

11.    Plaintiffs' claims against Frontier are barred, in whole or in part, because they are incapable of establishing that Frontier unlawfully coerced, intimidated, threatened, or interfered with Plaintiffs' exercise and enjoyment of their right to be free from retaliation in violation of 5 M.R.S. § 4633(2).

12. Plaintiffs' claim of tortious interference is barred because Frontier was not aware of any contractual or advantageous economic relationship between FSS and Plaintiffs.

13. Plaintiffs' claim of tortious interference is barred because Frontier did not intentionally or negligently interfere with any alleged contractual or advantageous economic relationship between FSS and Plaintiffs.

14. To the extent that Plaintiffs have asserted overlapping and/or duplicative claims, Plaintiffs may not recover more than once for the same injury.

15. Frontier acted at all times in good faith and without malice or unlawful intent.

16. Frontier's actions were reasonable, legally justified, privileged and not in violation of any law.

17. Frontier's actions were neither willful nor in disregard of Plaintiffs' rights.

18. Certain of Plaintiffs' claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

19. Certain of Plaintiffs' claims are barred, in whole or in part, by the relevant statute(s) of limitations.

20. Plaintiffs' claims are barred, in whole or in part, by the doctrines of claim preclusion, or *res judicata*, and issue preclusion, or collateral estoppel.

21. Plaintiffs' claims are barred, in whole or in part, by their own misconduct.

22. Certain of Plaintiffs' claims are barred, in whole or in part, by the doctrines of set-off, unclean hands, waiver, laches and/or estoppel.

23. Certain of Plaintiffs' claims are barred because of their failure to exhaust administrative remedies and/or comply with the relevant administrative requirements.

24. Plaintiffs are not entitled to a jury trial on some or all of their claims.

25.     Plaintiffs are not entitled to some or all of the specific relief requested in the Complaint, including, but not limited to, back pay and front pay, reinstatement, compensatory damages, punitive damages, liquidated damages, injunctive relief, equitable relief, and/or costs and attorneys' fees.

26.     Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

27.     Plaintiffs have failed to make reasonable efforts to mitigate their alleged damages, their entitlement to which Frontier expressly denies.

28.     Frontier is entitled to an offset against Plaintiffs' alleged damages by any amounts Plaintiffs earned or should have earned in the exercise of reasonable diligence and by any and all other amounts of damages Plaintiffs allegedly suffered because of their failure to mitigate their damages.

29.     Plaintiffs' alleged injuries or damages are attributable, in whole or in part, to the acts or omissions of Plaintiffs themselves.

30.     The cause of Plaintiffs' damages are wholly unrelated to, and were not proximately caused by, any act or omission of Frontier.

31.     Plaintiffs were not damaged in the manner or to the extent alleged in the Complaint.

32.     Plaintiffs' damages, if any, are limited by any applicable statutory caps.

33.     Plaintiffs' damages, if any, are speculative and remote, and thus barred.

34.     To the extent that any of Frontier's employees, agents, or independent contractors engaged in unlawful conduct (which Frontier expressly denies), such conduct was not authorized by Frontier, was contrary to established policy, occurred outside the scope of any employment, agency, or contractual relationship and cannot be attributed to Frontier.

35.     Frontier exercised reasonable care and acted in good faith in its efforts to comply with applicable laws and regulations.  Frontier cannot be held liable for punitive damages because of its good-faith efforts, and any action by any employee contrary to Frontier's efforts was in violation of its policies and procedures.

36.     Plaintiffs are not entitled to recover enhanced compensatory or punitive damages, on the grounds that Frontier's conduct did not meet the standard for award of such damages.

37.     An award of enhanced compensatory or punitive damages under the circumstances of this case would violate the Due Process clauses of the U.S. and state constitutions.

38.     Although the Complaint does not assert any claims by Ms. Romero against Frontier, Frontier nonetheless reserves the right to challenge any such claims asserted at a later date because, among other reasons, Frontier had no relationship of any kind with Ms. Romero.

## RESERVATION OF RIGHTS

Frontier hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

WHEREFORE, Frontier respectfully requests that this Court find Plaintiffs' allegations in the Complaint to be without merit, that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in its favor and against Plaintiffs, and that this Court award Frontier its costs in this action, reasonable attorneys' fees and such other relief as this Court may deem just and proper.

Dated:  December 12, 2023                    Respectfully submitted,


                                             */s/ Timothy H. Powell*
                                             Timothy H. Powell (ME Bar No. 6137)
                                             LITTLER MENDELSON, P.C.
                                             1 Monument Square, Suite 600
                                             Portland, ME  04101
                                             207.774.6001
                                             tpowell@littler.com

                                             Francis J. Bingham (MA Bar No. 682502)
                                             *Applying Pro Hac Vice*
                                             LITTLER MENDELSON, P.C.
                                             One International Place
                                             Suite 2700
                                             Boston, MA  02110
                                             617.378.6000
                                             fbingham@littler.com

                                             *Attorneys for Defendant*
                                             *Frontier Airlines*

**CERTIFICATE OF SERVICE**

I, Timothy H. Powell, hereby certify that the foregoing document was electronically filed using the Court's CM/ECF system and on this date was served electronically through ECF upon all other counsel of record:

> Chad T. Hansen
> Martin P. Tartre
> MAINE EMPLOYEE RIGHTS GROUP
> 92 Exchange Street, 2nd Floor
> Portland, ME 04101
> chad@employeerightslaw.attorney
> martin@employeerightslaw.attorney

Dated: December 12, 2023          /s/ Timothy H. Powell
                                  Timothy H. Powell (ME Bar No. 6137)
                                  LITTLER MENDELSON, P.C.
                                  1 Monument Square, Suite 600
                                  Portland, ME  04101
                                  207.774.6001
                                  tpowell@littler.com

                                  *Attorney for Defendant*
                                  *Frontier Airlines*