UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAYLYN ROMERO and LEXUS RODRIGUEZ,<br><br>    Plaintiff<br><br>v.<br><br>FLIGHT SERVICES & SYSTEMS, INC. and FRONTIER AIRLINES,<br><br>    Defendants | Case No. 2:23-CV-00416-NT |

**FLIGHT SERVICES & SYSTEMS, INC.'S ANSWER
TO FIRST AMENDED COMPLAINT**

NOW COMES Defendant, Flight Services & Systems, Inc. ("FSS"), by their attorneys, Jackson Lewis P.C., and hereby answers the First Amended Complaint, sets forth affirmative defenses, and requests a jury trial.

**ANSWER**

**INTRODUCTION**

1. This is an introductory paragraph that summarizes a mix of legal conclusions and factual assertions. To the extent this paragraph contains any factual allegations not restated in subsequent paragraphs, they are denied.

2. This is an introductory paragraph that summarizes a mix of legal conclusions and factual assertions. To the extent this paragraph contains any factual allegations not restated in subsequent paragraphs, they are denied.

**JURISDICTION AND VENUE**

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

## JURY TRIAL REQUESTED

13. FSS also requests a trial by jury on all issues.

## PARTIES

14. Without knowledge. The phrase "without knowledge" means as follows: FSS (1) lacks sufficient knowledge to form a belief as to the truth or accuracy of the allegations, (2) therefore denies such claims, and (3) leaves Plaintiffs to their burden of proof.

15. Without knowledge.

16. Denied.

17. Without knowledge.

## FACTUAL ALLEGATIONS

18. Admitted.

19. Admitted.

### The Illegal Termination of Lexus Rodriguez

20. Admitted.

21. Denied.

22. Without knowledge.

23. Without knowledge.

24. Without knowledge.

25. Denied.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Without knowledge.

30. Without knowledge.

31. Without knowledge.

32. Admitted.

33. Denied.

34. Without knowledge.

35. Without knowledge.

36. Without knowledge.

37. Without knowledge.

38. Without knowledge.

39. Denied.

40. Denied.

41. Without knowledge.

42. Without knowledge.

43. Denied.

44. Without knowledge.

45. Denied.

46. Denied.

47. Denied.

48. Without knowledge.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Without knowledge.

54. Denied.

55. Without knowledge.

56. Without knowledge.

57. Denied.

58. Without knowledge.

59. Without knowledge.

60. Without knowledge.

61. Without knowledge.

62. Without knowledge.

63. Denied.

64. Without knowledge.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Without knowledge.

73. Denied.

74. Denied.

75. Denied.

76. Without knowledge.

77. Without knowledge.

78. Denied.

79. Without knowledge.

80. Without knowledge.

81. Without knowledge.

82. Denied.

83. Without knowledge.

84. Without knowledge.

85. Without knowledge.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Without knowledge.

91. Without knowledge.

92. Without knowledge.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Without knowledge.

98. Without knowledge.

99. Without knowledge.

100. Without knowledge.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Without knowledge.

111. Without knowledge.

112. Without knowledge.

113. Without knowledge.

114. Without knowledge.

115. Denied.

116. Denied.

117. Without knowledge.

118. Denied.

### The Illegal Termination of Jaylyn Romero

119. Without knowledge.

120. Admitted.

121. Admitted.

122. Admitted.

123. Denied.

124. Admitted.

125. Denied.

126. Without knowledge.

127. Without knowledge.

128. Without knowledge.

129. Without knowledge.

130. Without knowledge.

131. Denied.

132. Without knowledge.

133. Admitted.

134. Admitted.

135. Admitted.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

## **COUNT I: MHRA RETALIATION**

142. FSS incorporates by reference all preceding paragraphs.

143. Without knowledge.

144. Without knowledge.

145. Without knowledge.

146. Without knowledge.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

## **COUNT II: TITLE VII – SEX DISCRIMINATION**

155. FSS incorporates by reference all preceding paragraphs.

156. Without knowledge.

157. Denied.

### COUNT III: MHRA – SEX DISCRIMINATION

158. FSS incorporates by reference all preceding paragraphs.

159. Without knowledge.

160. Denied.

### COUNT IV: TORTIOUS INTERFERENCE

161. FSS incorporates by reference all preceding paragraphs.

162. Denied.

163. Denied.

164. Denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. This action is barred by the applicable statue(s) of limitation.

3. Plaintiffs failed to exhaust their administrative remedies.

4. FSS asserts all equitable defenses, including, but not limited to, the doctrines of unclean hands, wavier, estoppel and/or laches.

5. Every action that FSS took with respect to Plaintiffs' employment was taken for legitimate business reasons and was consistent with principles of law.

6. FSS complied or made good faith efforts to comply with all state and federal laws at all relevant times.

7. Plaintiffs did not suffer damages casually related or attributable to any act or omission of FSS.

8. To the extent that Plaintiffs suffered any damages, they were caused by their own acts or omissions.

9. Plaintiffs' recovery is barred to the extent that Plaintiffs failed to mitigate damages.

10. Plaintiffs' damages are barred to the extent of any applicable statutory cap on damages.

11. To the extent that Plaintiffs complained to FSS about alleged unlawful treatment, FSS took immediate and adequate steps to investigate and remedy Plaintiffs' complaints.

12. At all times relevant hereto, FSS had a specific policy against unlawful discrimination and retaliation in the workplace and such policy was well known to employees.

13. FSS asserts that Plaintiffs were, at all material times, at-will employees of FSS and, therefore, Plaintiffs were subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

14. All actions taken by FSS with respect to Plaintiffs' employment were reasonable, in good faith and without actual or implied malice or the intent to interfere with Plaintiffs' rights, thereby barring Plaintiffs' alleged claims and damages, in whole or in part.

15. FSS's actions were neither willful nor in disregard of Plaintiffs' rights.

FSS reserves the right to assert additional affirmative defenses and/or counterclaims as may become warranted prior to trial.

## JURY TRIAL DEMAND

FSS demands a jury trial on all issues.

## REQUESTED RELIEF

WHEREFORE, FSS respectfully requests that this Honorable Court:

1. Enter judgment in their favor;

2. Dismiss the Complaint with prejudice;

3. Award FSS its attorney's fees, costs, and expenses; and

4. Grant any further relief that the Court deems appropriate.

          Respectfully Submitted,

          FLIGHT SERVICES & SYSTEMS, INC.

          By their attorneys,

          JACKSON LEWIS P.C.,

Date:  December 12, 2023      By:  /s/ John D. Prendergast
          John D. Prendergast (Bar no. 10355)
          100 International Drive, Suite 363
          Portsmouth, NH 03801
          603.559.2700
          John.Prendergast@jacksonlewis.com

<u>Certificate of Service</u>

I hereby certify that the foregoing was served by electronic filing to all parties.

Date:  December 12, 2023      By:  /s/ John D. Prendergast
          John D. Prendergast (Bar no. 10355)

4856-0730-1525, v. 3