UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

<table>
<tr><td>
JAYLYN ROMERO and LEXUS<br>RODRIGUEZ,<br><br>   Plaintiff<br><br>v.<br><br>FLIGHT SERVICES & SYSTEMS, INC. and<br>FRONTIER AIRLINES,<br><br>   Defendants
</td>
<td>
Case No. 2:23-CV-00416-NT
</td></tr>
</table>

**FLIGHT SERVICES & SYSTEMS, INC.'S PARTIAL MOTION TO DISMISS**

NOW COMES Defendant, Flight Services & Systems, Inc., ("FSS"), through its attorneys, Jackson Lewis P.C., and respectfully moves to partially dismiss the First Amended Complaint, stating as follows in support.

## I.  INTRODUCTION

Ms. Romero's claims against FSS include (1) sex discrimination under Title VII (Count II) and (2) sex discrimination under the Maine Human Rights Act (MHRA) (Count III).[1] Counts II and III claim that FSS discriminated against Ms. Romero by terminating her employment based on a "sexist stereotype that a female partner will always support her male partner's actions, or, that a female partner has the ability and obligation to control her male partner." Am. Compl. ¶ 141. Under Federal Rule of Civil Procedure 12(b)(6), FSS moves to dismiss Ms. Romero's Title VII and MHRA sex discrimination claims as the Amended Complaint does not state a claim upon which relief can be granted.

---

[1] Ms. Romero has also sued FSS for a violation of the Maine Whistleblower Protection Act (MWPA) (Count I), but FSS this motion does not seek dismissal of that count.

## II.    FACTUAL ALLEGATIONS[2]

Plaintiffs both began working for FSS in August 2021. Am. Compl. ¶¶ 20, 120. Plaintiffs both voluntarily resigned in December 2021 and were rehired in January 2022. *Id.* ¶¶ 32, 121-122. Ms. Romero and Mr. Rodriguez were "partners."[3] E.g., *Id.* ¶ 124. Plaintiffs were discharged on February 21, 2022. *Id.* ¶¶ 112-113, 126.

October 2021, Mr. Rodriguez attended a load master training held by Frontier Airlines ("Frontier") focusing on load master duties and responsibilities. *Id.* ¶¶ 22-24. Following the training, Mr. Rodriguez was promoted to Ramp Supervisor. *Id.* ¶ 30. On February 19, 2022, while working as Load Master, Mr. Rodriguez discovered multiple co-workers loading the plane with baggage prior to his arrival. *Id.* ¶¶ 34-38. Mr. Rodriguez believed this was a violation of law. *Id.* ¶¶ 46, 50. Mr. Rodriguez reported this violation to Frontier's Regional Manager. *Id.* ¶ 62. Mr. Rodriguez's motivation for his report to the Regional Manager was to shed light on what he believed to be an unlawful and unsafe practice and condition and to address and eliminate the unlawful condition. *Id.* ¶ 67.

On February 21, 2023, Mr. Rodriguez called the Frontier ASAP hotline number to report the unlawful and unsafe practice conditions. *Id.* ¶¶ 90-94. A few hours later, Plaintiffs were both discharged and told to return their badges. *Id.* ¶¶ 112-113.

## III.    LEGAL STANDARD

### A.    STANDARD FOR DISMISSAL

"To withstand a Rule 12(b)(6) motion, a complaint must 'contain sufficient factual matter to state a claim to relief that is plausible on its face.'" *Rios-Campbell v. U.S. Dep't of Com.,* 927

---

[2] Unless otherwise noted, the facts stated in this motion are drawn from the pleadings from Plaintiff filed in this Court. Unless otherwise noted, FSS disputes Plaintiffs' factual assertions but assumes their truth for purposes of this motion.
[3] The Amended Compliant does not define the term *partner*.

F.3d 21, 24 (1st Cir. 2019) (quoting *Haley v. City of Boston*, 657 F.2d 39, 46) (1st Cir. 2011)). To determine whether a complaint states a claim, courts in the First Circuit follow a two-step analysis. First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Justiniano v. Walker*, 986 F.3d 11, 19 (1st Cir. 2021) (quoting *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020)). Then, taking all-well pleaded facts as true and drawing all reasonable inferences in the plaintiff's favor, the Court must determine whether the complaint "plausibly narrate[s] a claim for relief." *Id*. "Plausible, of course, means something more than merely possible," and the plausibility of a complaint is based on the context of the particular case, judicial experience, and common sense. *Id.*

Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (internal quotation marks omitted)).

## B.     SEX DISCRIMINATION

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination on the basis of race, color, religion, sex and national origin, stating in relevant part:

> (a) Employer practices. It shall be unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2, (a).

Likewise, the Maine Human Rights Act ("MHRA") offers protection against employment discrimination "because of race or color, sex, sexual orientation, physical or mental disability, religion, age, ancestry or national origin." *Scamman v. Shaws Supermarkets, Inc.*, 2016 U.S. Dist. LEXIS 10271, *16 (D. Me. Jan. 26, 2016) (quoting 5 M.R.S.A. § 4572 (1)(A)).

The MHRA is the state counterpart to the federal discrimination law and has been construed consistently with Title VII. *Maine Human Rights Comm'n v. City of Auburn*, 408 A.2d 1253, 1261 (Me. 1979). The interpretation by federal courts of provisions of Title VII has provided guidance in the construction of the Human Rights Act. *Me. Human Rights Comm'n v. Me. Dep't of Def. & Veterans' Servs.*, 627 A.2d 1005 (Me. 1993) (collecting cases).

## IV.   ARGUMENT

Dismissal of Counts II and III for failure to state a claim upon which relief can be granted is appropriate as the Amended Complaint lacks "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. *Berner*, 129 F.3d at 25.

### A. DISMISSAL OF THE PURPORTED SEX DISCRIMINATION CLAIMS IS REQUIRED AS THE COMPLAINT NEITHER ALLEGES (1) ROMERO'S SATISFACTORY JOB PERFORMANCE NOR (2) ANY FACTS CONNECTING AN ADVERSE EMPLOYMENT ACTION TO DISCRIMINATORY MOTIVE.

The Amended Complaint fails to state a claim for sex discrimination. In a claim for discrimination under Title VII and the MHRA, absent any direct evidence of discrimination, a plaintiff must allege facts that show (1) she is a member of a protected class; (2) she performed her job satisfactorily; (3) she was subjected to an adverse employment action; and (4) there is a causal connection between her membership in a protected class and the adverse employment

action. *Knight v. O'Reilly Auto Enters., LLC*, 2019 U.S. Dist. LEXIS 47018, *9 (D. Me. Mar. 21, 2019).

To survive a motion to dismiss, Ms. Romero must plead "enough facts to make entitlement to relief plausible in the light of the evidentiary standard that will pertain at trial.*" Ouellette v. Francesca's Collections*, 2:20-cv-00389-LEW, *5 (D. Me. Nov. 30, 2021). Particularly, when this Court adjudicates a motion to dismiss a discrimination claim, it will look to whether the plaintiff's complaint alleges facts to show the claim of causation is plausible. *Id*. This Court will dismiss discrimination claims if the complaint lacks facts to support the inference that plaintiff received disparate treatment compared to some outside of the protected class. *Id.*

Here, Ms. Romero fails to plead sufficient facts for this Court to infer Ms. Romero met satisfactory job performance and FSS subjected her to disparate treatment compared to other male employees. First, Ms. Romero's only allegation regarding her performance is a regurgitation of the prima facie elements. Ms. Romero alleges she "was qualified for her job and performed her job duties satisfactorily." Am. Compl. ¶ 123. "[M]erely reciting elements of a claim will not do, . . . [n]or will alleging facts that are too meager, vague, or conclusory to remove the possibility of relief from the realm of conjecture." *Grendell v. Maine*, 2020 U.S. Dist. LEXIS 121691, *10 (D. Me. July 10, 2020) (quoting *Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014)).

Ms. Romero's single allegation to infer causation is a bald allegation that FSS terminated her employment based on "a sexist stereotype that a female partner will always support her male partner's actions, or, that a female partner has the ability and obligation to control her male partner." Am. Compl. ¶ 141. Simply put, Ms. Romero bases her discrimination claim on a "sexist stereotype." Ms. Romero alleges FSS terminated her employment because FSS believes Ms.

Romero supports Mr. Rodriguez and/or FSS believes Ms. Romero has the ability to control Mr. Rodriguez's actions. The Amended Complaint is devoid of specific allegations of fact that, if true, would support an inference that a so-called stereotype about controlling one's partner had anything to do with Ms. Romero's termination. Nor does the Amended Complaint articulate any facts that, if believed, would support the conclusion that the purported stereotype even exists.

Additionally, the fundamental premise of the sex discrimination claim—the existence of a "sexist stereotype that a female partner will always support her male partner's actions"—appears to have no basis in logic or the law. Even assuming that FSS believed that Ms. Romero supported or had the ability to control Mr. Rodriguez's actions, why is that sexist? If the sexes of those involved were reversed, would the same assumption not be sexist? There is nothing inherently sex-based about the alleged stereotype. The "sexist stereotype" upon which the sex discrimination claims is therefore logically incoherent and apparently contrived for purposes of these sex discrimination claims. Therefore, Ms. Romero's Title VII and MHRA sex discrimination claims against FSS should be dismissed.

IV.     **REQUESTED RELIEF**

WHEREFORE, for the forgoing reasons, FSS respectfully requests that this Honorable Court:

A.  Grant this Motion;

B.  Dismiss Counts II and III; and

C.  Grant any further relief that is appropriate.

Respectfully Submitted,

FLIGHT SERVICES & SYSTEMS, INC.

By their attorneys,

JACKSON LEWIS P.C.,

Date:   December 12, 2023               By:     /s/ John D. Prendergast
                                                John D. Prendergast (Bar no. 10355)
                                                100 International Drive, Suite 363
                                                Portsmouth, NH 03801
                                                603.559.2700
                                                John.Prendergast@jacksonlewis.com

Certificate of Service

I hereby certify that the foregoing was served by electronic filing to all parties.

Date:   December 12, 2023               By:     /s/ John D. Prendergast
                                                John D. Prendergast (Bar no. 10355)

4856-7860-3925, v. 3