UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAYLYN ROMERO and LEXUS RODRIGUEZ,<br><br>    Plaintiff<br><br>v.<br><br>FLIGHT SERVICES & SYSTEMS, INC. and FRONTIER AIRLINES,<br><br>    Defendants | Case No. 2:23-CV-00416-NT |

**FLIGHT SERVICES & SYSTEMS, INC.'S REPLY
IN SUPPORT OF PARTIAL MOTION TO DISMISS**

NOW COMES Defendant, Flight Services & Systems, Inc., ("FSS"), through its attorneys, Jackson Lewis P.C., and submits the following reply in support of its partial motion to dismiss.

**I.  REPLY ARGUMENT**

    **A.  MS. ROMERO HAS NOT PLED FACTS THAT PLAUSIBLY SUPPORT THE CLAIM THAT A SEX-BASED STEREOTYPE FACTORED INTO THE DECISION TO TERMINATE HER EMPLOYMENT.**

The sex discrimination theory is that an unfounded sex-based stereotype factored into the decision to terminate Ms. Romero's employment. The motion to dismiss should be granted as the Amended Complaint lacks factual allegations to support that theory.

The objection asserts that sufficient facts are pled to make out a plausible claim that Ms. Romero was terminated because of a sex-based stereotype. One might expect the objection to identify the factual allegations underlying that theory, but it does not. Pages 9 and 10 of the objection purport to identify the relevant factual allegations, but a logical chasm separates the facts identified from a conclusion that sex discrimination occurred.

The objection essentially argues that because FSS' failed to provide a "concrete reason" for Ms. Romero's termination, one may plausibly infer that a sex-based stereotype factored into the decision. Obj. 10. The link between *no concrete reason given* and *the reason was a sex-based stereotype* is missing.

The objection also points to the allegation that Mr. Armstrong did "not specifically recall advising Arev Witham to terminate Ms. Romero," and argues that Mr. Armstrong's understanding of the situation is speculative. Unexplained is why Mr. Armstrong's alleged speculation suggests that Ms. Romero was terminated because of a sex-based stereotype.

Both parties have cited *Knight v. O'Reilly Auto Enters., LLC*, 2019 U.S. Dist. LEXIS 47018 (D. Me. Mar. 21, 2019). In relevant part, *Knight* addressed whether the plaintiff had adequately pled a claim that she was discriminated against because of her association with her disabled children. *Id.* While the *Knight* complaint, "effectively ple[d] that the reasons [defendant] gave for its decision to compel the Plaintiff's resignation were pretextual, they d[id] nothing to support the Plaintiff's contention that the real reason for the adverse action was unlawful disability-based animus against the Plaintiff and/or her sons with disabilities." *Id.* "Stripped of its conclusory language," the *Knight* pleading lacked "any factual support" for the claim that "an unfounded stereotype or assumption about the Plaintiff or her children with disabilities" factored into the adverse action. *Id. Knight* demonstrates that the existence of a protected association plus adverse action is not enough to state a claim.

The Amended Complaint suffers from the same pleading inadequacy. Ms. Romero has alleged only that (1) a particular sex-based stereotype exists and that (2) she suffered an adverse employment action. Factual allegations linking the two are absent in the Amended Complaint.

2

### B. MS. ROMERO HAS NOT ALLEGED THE EXISTENCE OF A LOGICALLY COHERENT SEX-BASED STEREOTYPE THAT APPLIES TO THE ALLEGED FACTS.

The objection invokes a country music hit, a Hillary Clinton quotation, and even a sexist stereotype of its own about domestic abuse victims in an effort to prove the cultural existence of a "stand by your man" sex-based stereotype. At the same time, the objection asserts there is a stereotype that Ms. Romero, a girlfriend, will "support" her boyfriend, but neither the Amended Complaint nor the objection specify what, in this context, it means to "support" one's boyfriend, nor is any care taken to explain how that applies. Regardless, the logic of the objection disintegrates as it maintains the stereotype would still apply (and still be sex-based) *regardless of the sex of anyone involved*. In the end, the alleged "stereotype" that two people in an interpersonal relationship will "support" one another (whatever that means) is the most sex-neutral concept that rational thought can allow. For that reason, the alleged stereotype cannot serve as the basis of a sex discrimination claim.

### C. MS. ROMERO HAS NOT SUSTAINED THE RELATIVELY LIGHT PLEADING BURDEN WITH RESPECT TO HER JOB PERFORMANCE.

Taken as a whole, "the allegations of the complaint [must] make the claim . . . at least plausible." *Ocasio—Hernandez v. Fortuño—Burset*, 640 F.3d 1, 14-15 (1st Cir. 2011). The parties disagree about whether Ms. Romero has articulated a plausible basis in fact to support the claim that she performed her job satisfactorily. Without support, the objection asserts that "it is completely appropriate for a plaintiff to allege . . . satisfactory [performance]." Obj. 8. To the contrary, a plaintiff may not satisfy the relatively light pleading burden by declaring she has satisfied the elements of a claim.

## II. REQUESTED RELIEF

WHEREFORE, for the forgoing reasons, FSS respectfully requests that this Honorable Court:

A. Grant this Motion;

B. Dismiss Counts II and III; and

C. Grant any further relief that is appropriate.

Respectfully Submitted,

FLIGHT SERVICES & SYSTEMS, INC.

By their attorneys,

JACKSON LEWIS P.C.,

Date:  January 11, 2023          By:   /s/ John D. Prendergast
                                       John D. Prendergast (Bar no. 10355)
                                       100 International Drive, Suite 363
                                       Portsmouth, NH 03801
                                       603.559.2700
                                       John.Prendergast@jacksonlewis.com

Certificate of Service

I hereby certify that the foregoing was served by electronic filing to all parties.

Date:  January 11, 2023          By:   /s/ John D. Prendergast
                                       John D. Prendergast (Bar no. 10355)

4894-8958-7868, v. 1